1  **RICKEY IVIE, Esq. (SBN 76864)**
   *rivie@imwlaw.com*
2  **RODNEY S. DIGGS, Esq. (SBN 274459)**
   *rdiggs@imwlaw.com*
3  **IVIE, McNEILL & WYATT**
   444 S. Flower St., Suite 1800
4  Los Angeles, CA  90071
   Tel: (213) 489-0028; Fax: (213) 489-0552
5
6  Attorneys for Plaintiffs

7                  **UNITED STATES DISTRICT COURT**

8
                   **CENTRAL DISTRICT OF CALIFORNIA**
9

10 LAWANDA JOHNSON, an                  ) CASE NO.: EDCV 14-0013 VAP
   Individual and as a Successor in     ) (DTBx)
11 Interest to Raymond Johnson; THE     )
   ESTATE OF RAYMOND                    )
12 JOHNSON; LORENZO                     ) **SECOND AMENDED**
   JOHNSON, an Individual, DIANIA       ) **COMPLAINT FOR DAMAGES**
13 RIVAS, an Individual, QUEON          )
   BOYD ISLAM, an Individual and        )    1. **Unreasonable Search and**
14 as a Successor in Interest to        )       **Seizure - Detention and Arrest**
   Raymond Johnson; LASIERRA            )       **42 U.S.C. § 1983**
15 CAIN, an Individual and as a         )    2. **Excessive Force and Denial of**
   Successor in Interest to Raymond     )       **Medical Care - 42 U.S.C. §**
16 Johnson; R.J., a minor and as a      )       **1983**
   Successor in Interest to Raymond     )    3. **Substantive Due Process - 42**
17 Johnson by and through his           )       **U.S.C. § 1983**
   Guardian Ad Litem, SAMUEL            )    4. **Interference with Familial**
18 HOUSE; and R.L.J., a minor and as    )       **Relationship  and Freedom of**
   a Successor in Interest to Raymond   )       **Association - 42 U.S.C. § 1983**
19 Johnson by and through his           )    5. **Municipal Liability for**
   Guardian Ad Litem SAMUEL             )       **Unconstitutional Custom or**
20 HOUSE,                               )       **Policy - 42 U.S.C. § 1983**
                                        )    6. **False Arrest – Wrongful Death**
21                *Plaintiffs,*          )    7. **Battery - Cal. Govt. Code § 820**
                                        )       **– Wrongful Death**
22 vs.                                  )    8. **Negligence – Cal. Govt. Code §**
                                        )       **820 – Wrongful Death**
23                                       )
   THE COUNTY OF RIVERSIDE;             )
24 THE CITY OF MORENO                   ) **JURY TRIAL DEMANDED**
   VALLEY; DEPUTY RICHARD               )
25 REYES #4388, individually and as     )
   a peace officer; DEPUTY              )
26 DEYLAN KENNEDY #4823,                )
   individually and as a peace officer; )
27 CPL DAVID CLARK #3876,               )
28

                                1

individually and as a peace officer;
SGT. JOHN CARLBERG #2290,
individually and as a peace officer;
CPL KARL SMITH #2411,
individually and as a peace officer;
DEPUTY DENNIS PLETA #3252,
individually and as a peace officer;
DEPUTY ELVIS MORALES
#4114, individually and as a peace
officer; DEPUTY CHRIS LOUCKS
#3774, individually and as a peace
officer; and DOES 1-10, Inclusive,

*Defendants.*

COMES NOW LAWANDA JOHNSON, an Individual and as a Successor in Interest to Raymond Johnson; THE ESTATE OF RAYMOND JOHNSON; LORENZO JOHNSON, an Individual, DIANIA RIVAS, an Individual, QUEON BOYD ISLAM, an Individual and as a Successor in Interest to Raymond Johnson; LASIERRA CAIN, an Individual and as a Successor in Interest to Raymond Johnson; R.J., a minor and as a Successor in Interest to Raymond Johnson by and through his Guardian Ad Litem, SAMUEL HOUSE; R.L.J., a minor and as a Successor in Interest to Raymond Johnson by and through his Guardian Ad Litem SAMUEL HOUSE; and DOES 1-10, Inclusive, allege as follows:

## INTRODUCTION

1.      This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police beating of the DECEDENT, Raymond Johnson.

/ / /

/ / /

/ / /

**PARTIES**

2.      At all relevant times herein, THE ESTATE OF RAYMOND JOHNSON (hereinafter referred to as "DECEDENT") was an individual residing in the City of Moreno Valley, County of Riverside, California.

3.      At all relevant times herein, Plaintiff LAWANDA JOHNSON was an individual residing in the City of Moreno Valley, County of Riverside, California and is the widow of DECEDENT.  LAWANDA JOHNSON sues in her individual capacity as the widow of DECEDENT and as successor in interest, pursuant to Section 377.30 of the California Code of Civil Procedure and representative of the estate.

4.      At all relevant times herein, Plaintiff LORENZO JOHNSON was an individual residing in the City of Long Beach, County of Los Angeles, California and is the natural father of DECEDENT.  LORENZO JOHNSON sues in his individual capacity.

5.      At all relevant times herein, Plaintiff DIANIA RIVAS was an individual residing in the City of Torrance, County of Los Angeles, California and is the natural mother of DECEDENT.  DIANIA RIVAS sues in her individual capacity. DECENDENT was DIANA RIVAS' only son.

6.      At all relevant times herein, Plaintiff QUEON BOYD ISLAM was an individual residing in the City of Moreno Valley, County of Riverside, California and is the surviving biological son of DECEDENT.  QUEON BOYD ISLAM sues in his individual capacity as the surviving biological son of DECEDENT and as a Successor in Interest to Raymond Johnson.

7.      At all relevant times herein, Plaintiff LASIERRA CAIN was an individual residing in the City of Moreno Valley, County of Riverside, California

and is the surviving step-daughter of DECEDENT.  LASIERRA CAIN sues in her individual capacity as the surviving putative daughter of DECEDENT pursuant to Section 377.60 of the California Code of Civil Procedure and as a Successor in Interest to Raymond Johnson. LASIERRA CAIN was raised by DECEDENT from the day of her birth until DECEDENT was unlawfully beaten to death by Defendants.  DECEDENT was the only father that LASIERRA CAIN knew. DECEDENT was LASIERRA CAIN's putative father.  LASIERRA CAIN and DECEDENT maintained a parent-child relationship from the time LASIERRA CAIN's birth until DECEDENT's death and DECEDENT would have adopted LASIERRA CAIN but for a legal barrier pursuant to Probate Code Section 6454.

8.     At all relevant times herein, Plaintiff R.J. was a minor residing in the City of Moreno Valley, County of Riverside, California and is the biological son of DECEDENT.  R.J. sues in his individual capacity and as a Successor in Interest to Raymond Johnson by and through his Guardian Ad Litem, SAMUEL HOUSE.

9.     At all relevant times herein, Plaintiff R.L.J. was a minor residing in the City of Moreno Valley, County of Riverside, California and is the biological son of DECEDENT.  R.L.J. sues in his individual capacity and as a Successor in Interest to Raymond Johnson by and through his Guardian Ad Litem, SAMUEL HOUSE.

10.     At all relevant times herein, Defendant THE COUNTY OF RIVERSIDE (hereinafter "County") and the CITY OF MORENO VALLEY (hereinafter "City") are incorporated public entities duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY and CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Riverside County Sheriff Department and Police Department and

its tactics, methods, practices, customs and usage. At all relevant times, COUNTY and CITY was the employer Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 who were COUNTY sheriff's deputies, CITY police officers, managerial, supervisorial, and policymaking employees of COUNTY Sheriff's Department and CITY Police Department.  On information and belief, at all relevant times, Defendant DOES 1-10 were residents of the County of Riverside, California and the City of Moreno Valley, California.  Defendant DOES 1-10 are sued in their individual and official capacity.

11.    At all relevant times, Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 were duly authorized employees and agents of COUNTY and CITY, who were acting under color of law within the course and scope of their respective

duties as sheriff's deputies and police officers and within the complete authority and ratification of their principal, Defendant COUNTY and CITY.

12.   At all relevant times, Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 were duly appointed deputies/officers and/or employees or agents of COUNTY and CITY, subject to oversight and supervision by COUNTY's and CITY's elected and non-elected officials.

13.   In doing the acts and failing and omitting to act as hereinafter described, Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 were acting on the implied and actual permission and consent of COUNTY and CITY.

14.   At all times mentioned herein, each and every COUNTY and CITY defendant was the agent of each and every other COUNTY and CITY defendant

1    and had the legal duty to oversee and supervise the hiring, conduct and

2    employment of each and every COUNTY and CITY defendant.

3        15.    At all relevant times, Defendants DEPUTY RICHARD REYES

4    #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY

5    #4823, individually and as a peace officer; CPL DAVID CLARK #3876,

6    individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually

7    and as a peace officer; CPL KARL SMITH #2411, individually and as a peace

8    officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer;

9    DEPUTY ELVIS MORALES #4114, individually and as a peace officer;

10   DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES

11   1-10 were working for both Defendants COUNTY and CITY as police officers and

12   sheriff's deputies.

13       16.    Plaintiffs are unaware of the true names and capacities of those

14   Defendants named herein as DOES 1-10 Defendants.  Plaintiffs will amend this

15   Complaint to allege said Defendants' true names and capacities when that

16   information becomes known to Plaintiffs.  Plaintiffs are informed and believes, and

17   thereon alleges that these DOES 1-10 are legally responsible and liable for the

18   incident, injuries, and damages hereinafter set forth, and that each of said

19   Defendants proximately caused the injuries and damages by reason of negligent,

20   careless, deliberately indifferent, intentional, willful, or wanton misconduct,

21   including the negligent, careless, deliberately indifferent, intentional, willful, or

22   wanted misconduct in creating and otherwise causing the incidents, conditions, and

23   circumstances hereinafter set forth, or by reason of direct or imputed negligence or

24   vicarious fault or breach of duty arising out of the matters herein alleged.  Plaintiffs

25   will seek to amend this Complaint to set forth said true names and identities of the

26   unknown named DOE Defendants when they are ascertained.

27

28

17.     On October 24, 2013, Plaintiffs filed comprehensive and timely claims for damages with CITY pursuant to applicable sections in the California Government Code and California Civil Code.

18.     On October 28, 2013, Plaintiffs filed comprehensive and timely claims for damages with COUNTY pursuant to applicable sections in the California Government Code and California Civil Code.

## JURISDICTION

19.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth and Fourteenth Amendments of the United States Constitutions. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

20.     Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Riverside, California.

## FACTS COMMON TO ALL CAUSES OF ACTION

21.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth herein.

22.     On or about Friday, October 11, 2013, at approximately 6:00 p.m., DECEDENT was in his car of the Burger King drive-thru located at 23125 Hemlock Ave, Moreno Valley, California 92557.

23.     On information and belief, DECEDENT had not committed any crime. Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL

SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 who were COUNTY sheriff's deputies and CITY police officers, had neither reasonable suspicion to detain DECEDENT nor probable cause to arrest him.

24. Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, while acting in the course and scope of their employment with COUNTY and CITY, negligently assessed the circumstances presented to them and violently confronted DECEDENT without having probable cause to believe that DECEDENT had committed a crime, or would commit a crime in the future.

25. Without warning, Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 broke

DECEDENTS automobile driving side front and back windows with their batons and proceeded to assault and batter DECEDENT  by acts which included, but were not limited to, repeatedly and unjustifiably hitting DECEDENT with their batons in his head and other parts of his body, stomping on DECEDENT's head and chest with their boots, using a taser on DECEDENT, using pepper spray on DECEDENT and punching, hitting and kicking DECEDENT all over his body, which proved to be fatal.  DECEDENT died as a proximate and direct cause of blunt force trauma to his head.  DECENDENT's ribcage was also crushed as a proximate and direct result of Defendants stomping on DECEDENTS chest, which was also a related and contributing cause of death.

26.    At no time during the course of these events did DECEDENT pose any reasonable threat of violence to the defendant deputies, nor did he do anything to justify the use of deadly, excessive, unreasonable and unnecessary force against him, by the defendant deputies.

27.    Both prior to and during the time in which DECEDENT was beaten to death by Defendants, he was not armed with any kind of weapon, and posed no reasonable or credible threat of violence to Defendants, nor to any other individual.

28.    Both prior to and during the time in which DECEDENT was beaten to death by defendants, DECEDENT made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable deputy and officer that the DECEDENT was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual, deputy or officer.

29.    DECEDENT was beaten to death at the scene of the incident by the Defendants.

30.     On information and belief, Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer;  or DOE Deputies/Officers had no information that DECEDENT had committed any crime.

31.     LASIERRA CAIN was dependent on the DECEDENT, including financially dependent.

32.     DIANIA RIVAS was dependent on the DECEDENT, including financially dependent.

33.     LORENZO JOHNSON was dependent on the DECEDENT, including financially dependent.

## FIRST CAUSE OF ACTION

**Unreasonable Search and Seizure - Detention and Arrest 42 U.S.C. § 1983 (Plaintiffs LAWANDA JOHNSON, QUEON BOYD ISLAM, LASIERRA CAIN, R.J., and R.L.J. against all Defendants and DOES 1-10, inclusive)**

34.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 33 of this Complaint with the same force and effect as if fully set forth herein.

35.     Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL

SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 caused DECEDENT to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

36.    As a result of the conduct of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, they are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent violations.

37.    The DECEDENT was detained without reasonable suspicion and arrested without probable cause.

38.    The conduct of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY

DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS
MORALES #4114, individually and as a peace officer; DEPUTY CHRIS
LOUCKS #3774, individually and as a peace officer; and DOES 1-10 was willful,
wanton, malicious, and done with reckless disregard for the rights and safety of
DECEDENT and therefore warrants the imposition of exemplary and punitive
damages as to Defendant DOES.

39.    LAWANDA JOHNSON, QUEON BOYD ISLAM, LASIERRA
CAIN, R.J., and R.L.J. seeks damages as successors-in-interest to DECEDENT
and representative of the DECEDENT's estate in the amount of $30,000,000.00.

40.    Plaintiffs also seek attorney fees under this claim pursuant to 42
U.S.C. § 1988.

## SECOND CAUSE OF ACTION

**Excessive Force and Denial of Medical Care 42 U.S.C. § 1983**

**(Plaintiffs LAWANDA JOHNSON, QUEON BOYD ISLAM, LASIERRA
CAIN, R.J., and R.L.J. against all Defendants and DOES 1-10, Inclusive**)

41.    Plaintiffs repeat and reallege each and every allegation in paragraphs
1 through 40 of this Complaint with the same force and effect as if fully set forth
herein.

42.    Defendants DEPUTY RICHARD REYES #4388, individually and as
a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a
peace officer; CPL DAVID CLARK #3876, individually and as a peace officer;
SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL
SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA
#3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114,
individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774,
individually and as a peace officer; and DOES 1-10 unjustified beating deprived

DECEDENT on his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

43.     The unreasonable use of force by Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

44.     As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity for which THE ESTATE OF RAYMOND JOHNSON is entitled to recover damages.  Plaintiffs have also been deprived of their life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.   Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

45.     As a result of the conduct of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK

#3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

46.    Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and death.

47.    This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was unarmed before, during and after he was beaten to death.  Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY

DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10's actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

48.    The conduct of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOES.

49.    LAWANDA JOHNSON, QUEON BOYD ISLAM, LASIERRA CAIN, R.J., and R.L.J. seeks damages as successors-in-interest to DECEDENT and representative of the DECEDENT's estate in the amount of $30,000,000.00.

50.    Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

/ / /

/ / /

/ / /

/ / /

**THIRD CAUSE OF ACTION**

**Substantive Due Process - 42 U.S.C. § 1983**

**(Plaintiffs LAWANDA JOHNSON, LORENZO JOHNSON, DIANIA RIVAS, QUEON BOYD ISLAM, LASIERRA CAIN, R.J., and R.L.J.,  against all Defendants and DOES 1-10, Inclusive)**

51.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 50 of this Complaint with the same force and effect as if fully set forth herein.

52.     LAWANDA JOHNSON, LORENZO JOHNSON, DIANIA RIVAS, QUEON BOYD ISLAM, LASIERRA CAIN, R.J., and R.L.J. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with DECEDENT.

53.     DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious.

54.     As a result of the continuous beating, punching, kicking, and stomping by the Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114,

individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, DECEDENT died. LAWANDA JOHNSON, LORENZO JOHNSON, DIANIA RIVAS, QUEON BOYD ISLAM, LASIERRA CAIN, R.J., and R.L.J. were thereby deprived of their constitutional right of familial relationship with DECEDENT.

55.    Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, acting under the color of state law, thus violated the Fourteenth Amendment of LAWANDA JOHNSON, LORENZO JOHNSON, DIANIA RIVAS, QUEON BOYD ISLAM, LASIERRA CAIN, R.J., and R.L.J. to be free from unwarranted interference with their familial relationship with DECEDENT.

56.    The aforementioned actions of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, along with other undiscovered conduct, shook the conscious, in that they

acted with deliberate indifference to the constitutional rights of DECEDENT and LAWANDA JOHNSON, LORENZO JOHNSON, DIANIA RIVAS, QUEON BOYD ISLAM, LASIERRA CAIN, R.J., and R.L.J., and with purpose to harm unrelated to any legitimate law enforcement objective.

57.     As a direct and proximate cause of the acts of the Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, DECEDENT experienced severe pain and suffering and lost his life and earning capacity for which THE ESTATE OF RAYMOND JOHNSON is entitled to recover damages.  Plaintiffs have also been deprived of their life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and a loss of financial support.

58.     The conduct of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; DEPUTY DAVID CLARK, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES

#4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10.

59.    LAWANDA JOHNSON, LORENZO JOHNSON, DIANIA RIVAS, QUEON BOYD ISLAM, LASIERRA CAIN, R.J., and R.L.J. seek damages in the amount of $30,000,000.00 and $50,000,000.00 in punitive damages.

60.    Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

### FOURTH CAUSE OF ACTION

**Interference with Familial Relationship and Freedom of Association - 42 U.S.C. § 1983**

**(Plaintiffs LAWANDA JOHNSON, LORENZO JOHNSON, DIANIA RIVAS, QUEON BOYD ISLAM, LASIERRA CAIN, R.J., and R.L.J.,  against all Defendants and DOES 1-10, Inclusive)**

61.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62.     Plaintiffs LAWANDA JOHNSON, LORENZO JOHNSON, DIANIA RIVAS, QUEON BOYD ISLAM, R.J., and R.L.J. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their familial relationship with their father, DECEDENT.

63.     LASIERRA CAIN also had a cognizable interest under the Free Association Clause of the First Amendment of the United States Constitution to continued association with her step-father, DECEDENT.  The First Amendment protects those relationships that presuppose deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life.

64.     LASIERRA CAIN was raised by DECEDENT from the day of her birth until DECEDENT was unlawfully beaten to death by Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10.  DECEDENT was the only father that LASIERRA CAIN knew.

65.     As a result of the excessive force by Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 and the failure of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 to intervene, DECEDENT died.  Plaintiffs LAWANDA JOHNSON, LORENZO JOHNSON, DIANIA RIVAS, QUEON BOYD ISLAM, R.J., and R.L.J. were thereby deprived of their constitutional right and familial relationship with DECEDENT, and Plaintiff LASIERRA CAIN was deprived of her constitutional right and freedom of association with her step-father, DECEDENT.

66.     Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA

#3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, acting under color of state law, thus violated the Fourteenth and Amendment rights of LAWANDA JOHNSON, LORENZO JOHNSON, DIANIA RIVAS, QUEON BOYD ISLAM, R.J., and R.L.J. to be free from unwarranted interference with their familial relationship with DECEDENT, and the First Amendment rights of LASIERRA CAIN to be free from unwarranted interference with her constitutional right to freedom of association with DECEDENT.

67.     The aforementioned actions of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs LAWANDA JOHNSON, LORENZO JOHNSON, DIANIA RIVAS, QUEON BOYD ISLAM, R.J., and R.L.J. and LASIERRA CAIN and with purpose to harm unrelated to any legitimate law enforcement objective.

68.     As a direct and proximate cause of the acts of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG

#2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, Plaintiffs have also been deprived of the life-long comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and a loss of financial support.

69.    The conduct of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, was malicious, oppressive and in reckless disregard for the rights and safety of DECEDENT and Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS

MORALES #4114, individually and as a peace officer; DEPUTY CHRIS
LOUCKS #3774, individually and as a peace officer; and DOES 1-10.

70.     Decedent's successors-in-interest seek wrongful death damages under
this claim.

## FIFTH CAUSE OF ACTION

**Municipal Liability for Unconstitutional Custom or Policy - 42 U.S.C. § 1983
(Plaintiffs LAWANDA JOHNSON, LORENZO JOHNSON, DIANIA RIVAS,
QUEON BOYD ISLAM, LASIERRA CAIN, R.J., R.L.J., THE ESTATE OF
RAYMOND JOHNSON against Defendants COUNTY and CITY)**

71.     Plaintiffs repeat and reallege each and every allegation in paragraphs
1 through 70 of this Complaint with the same force and effect as if fully set forth
herein.

72.     On information and belief Defendants DEPUTY RICHARD REYES
#4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY
#4823, individually and as a peace officer; CPL DAVID CLARK #3876,
individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually
and as a peace officer; CPL KARL SMITH #2411, individually and as a peace
officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer;
DEPUTY ELVIS MORALES #4114, individually and as a peace officer;
DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES
1-10 who beat DECEDENT to death, who was unarmed, was ratified by COUNTY
sheriff's department and CITY's police department supervisorial officers.

73.     On information and belief, DEPUTY RICHARD REYES #4388,
individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823,
individually and as a peace officer; CPL DAVID CLARK #3876, individually and

as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 were not disciplined for beating DECEDENT to death, who was unarmed and did not pose a risk to Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10.

74.     On and for some time prior to October 11, 2013, (and continuing to the present day) Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 deprived Plaintiffs and DECEDENT of the rights and liberties secured to them by the Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with

gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

      **a.**    Employing and retaining as sheriff's deputies and police officers and other personnel, including Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 deputies and officers, who Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774,

individually and as a peace officer; and DOES 1-10, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written COUNTY Sheriff's Department policies and CITY Police Department policies, including the use of excessive and deadly force;

**b.** Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY Sheriff's deputies and CITY Police officers, and other personnel, including Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 who COUNTY and CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

**c.** By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer;

DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, who are Sheriff's Deputies of COUNTY and Police Officers of CITY;

d. By failing to discipline COUNTY Sheriff's Deputies and CITY Police Officers' conduct, including but not limited to, unlawful detention and excessive and deadly force;

e. By ratifying the intentional misconduct of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 and other sheriffs and officers, who are Sheriff's Deputies of COUNTY and Police Officers of CITY;

**f.** By having and maintaining an unconstitutional policy, custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs and practices of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, were done with a deliberate indifference to individuals' safety and rights; and

**g.** By failing to properly investigate claims of unlawful detention and excessive force by COUNTY Sheriff's Deputies and CITY Police Officers.

75. By reason of the aforementioned policies and practices of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252,

individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, DECEDENT was severely injured and subjected to pain and suffering and lost his life and earning capacity for which THE ESTATE OF RAYMOND JOHNSON is entitled to recover damages.

76.     Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

77.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace

officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECENDENT's and Plaintiffs' constitutional rights.  Defendant DOES 1-40, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

78.     Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, were affirmatively linked to and were significantly influential force behind the injuries of DECEDENT and Plaintiffs.

79.     By reason of the aforementioned acts and omissions of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114,

individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, Plaintiffs were caused to incur funeral and related burial expenses, loss of gifts and benefits and loss of financial support.

80.     By reason of the aforementioned acts and omissions of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

81.     Accordingly, Defendants COUNTY OF RIVERSIDE, CITY OF MORENA VALLEY, DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

82.     Plaintiffs seek wrongful death damages under this claim in the amount of $30,000,000.00.

83.     Plaintiffs also seek attorney fees under this claim.

## SIXTH CAUSE OF ACTION

### False Arrest – Wrongful Death

**(Plaintiffs LAWANDA JOHNSON, LORENZO JOHNSON, DIANIA RIVAS, QUEON BOYD ISLAM, LASIERRA CAIN, R.J., R.L.J., THE ESTATE OF RAYMOND JOHNSON against all Defendants and DOES 1-10, Inclusive)**

84.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 83 of this Complaint with the same force and effect as if fully set forth herein.

85.     Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 while working as Sheriff's Deputies and Police Officers for COUNTY and CITY, and acting within the scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, including deadly force, threats of force, menace, fraud, deceit and unreasonable duress.  Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY

DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 also detained DECEDENT.  Said detention was made without reasonable suspicion.  There was an attempt to arrest DECEDENT.  Said arrest was attempted without probable cause.

86.    DECEDENT did not knowingly or voluntarily consent.

87.    The conduct of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 was a substantial factor in causing the harm to DECEDENT.

88.    COUNTY and CITY are vicariously liable for the wrongful acts of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for

injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

89.     The conduct of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

90.     LASIERRA CAIN was dependent on the DECEDENT, including financially dependent.

91.     DIANIA RIVAS was dependent on the DECEDENT, including financially dependent.

92.     LORENZO JOHNSON was dependent on the DECEDENT, including financially dependent.

93.     Plaintiffs are seeking wrongful death damages under this claim in the amount of $30,000,000.00.

/ / /

/ / /

/ / /

/ / /

/ / /

**SEVENTH CAUSE OF ACTION**

**Battery - Cal. Govt. Code § 820 – Wrongful Death**

**(Plaintiffs LAWANDA JOHNSON, LORENZO JOHNSON, DIANIA RIVAS,**

**QUEON BOYD ISLAM, LASIERRA CAIN, R.J., R.L.J., THE ESTATE OF**

**RAYMOND JOHNSON against all Defendants and DOES 1-10, Inclusive)**

94.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 93 of this Complaint with the same force and effect as if fully set forth herein.

95.     Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10, while working as a Sheriff's Deputies for the COUNTY Sheriff's Department and while working as a Police Officer for the CITY Police Department, and acting within the course and scope of their duties, intentionally beat DECEDENT to death.  As a result of the actions by the defendants, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity for which THE ESTATE OF RAYMOND JOHNSON is entitled to recover damages.  Defendants had no legal justification for using force against DECEDENT, and said defendants' force was unreasonable, especially since DECEDENT did not commit any crime and was unarmed when he was beaten to death.

96.     As a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs also have been deprived of their life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also are claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

97.     COUNTY and CITY are vicariously liable for the wrongful acts of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

98.     The conduct of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS

LOUCKS #3774, individually and as a peace officer; and DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

99.   LASIERRA CAIN was dependent on the DECEDENT, including financially dependent.

100.  DIANIA RIVAS was dependent on the DECEDENT, including financially dependent.

101.  LORENZO JOHNSON was dependent on the DECEDENT, including financially dependent.

102.  Plaintiffs are seeking wrongful death damages under this claim in the amount of $30,000,000.00.

### EIGHTH CAUSE OF ACTION

**Negligence – Cal. Govt. Code § 820 – Wrongful Death**

**(Plaintiffs LAWANDA JOHNSON, LORENZO JOHNSON, DIANIA RIVAS, QUEON BOYD ISLAM, LASIERRA CAIN, R.J., R.L.J., THE ESTATE OF RAYMOND JOHNSON against all Defendants and DOES 1-10, Inclusive)**

103.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 102 of this Complaint with the same force and effect as if fully set forth herein.

104.  The actions and inactions of the Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace

officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10 were negligent and reckless, including but not limited to:

    a.    The failure to properly assess the need to detain, arrest, and use force or deadly force against DECEDENT;

    b.    The negligent tactics and handling of the situation with DECEDENT, including the pre-beating negligence;

    c.    The negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

    d.    The failure to provide prompt medical care to DECEDENT;

    e.    The failure to properly train and supervise employees, both professional and non-professional, including Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; DEPUTY CHRIS LOUCKS #3774, individually and as a peace officer; and DOES 1-10;

    f.    The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

    g.    The negligent handling of evidence and witnesses.

105.   As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity for which THE ESTATE OF RAYMOND JOHNSON is entitled to recover damages. Also as a direct and proximate result of defendants' conduct alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

106.   COUNTY and CITY are vicariously liable for the wrongful acts of Defendants DEPUTY RICHARD REYES #4388, individually and as a peace officer; DEPUTY DEYLAN KENNEDY #4823, individually and as a peace officer; CPL DAVID CLARK #3876, individually and as a peace officer; SGT. JOHN CARLBERG #2290, individually and as a peace officer; CPL KARL SMITH #2411, individually and as a peace officer; DEPUTY DENNIS PLETA #3252, individually and as a peace officer; DEPUTY ELVIS MORALES #4114, individually and as a peace officer; and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

107.   LASIERRA CAIN was dependent on the DECEDENT, including financially dependent.

108.   DIANIA RIVAS was dependent on the DECEDENT, including financially dependent.

109.   LORENZO JOHNSON was dependent on the DECEDENT, including financially dependent.

110.   Plaintiffs are seeking wrongful death damages under this claim in the amount of $30,000,000.00.

**WHEREFORE**, Plaintiffs requests relief as hereinafter provided.

## PRAYER FOR RELIEF

1.     For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount of $30,000,000.00 or an amount to be proven at trial;

2.     For funeral expenses and loss of financial support;

3.     For punitive damages against the individual defendants in an amount of $50,000,000.00 or an amount to be proven at trial;

4.     For prejudgment interest;

5.     For an award of general and special damages in the amount to be proven at trial;

6.     For reasonable costs of this suit incurred herein;

7.     For reasonable attorney's fees and costs as provided by law;

8.     For such further other relief as the Court may deem just, proper and appropriate.


Dated: July 31, 2014          **IVIE, McNEILL & WYATT**


                              By:    _____/s/ Rodney S. Diggs_____
                                     **RICKEY IVIE**
                                     **RODNEY S. DIGGS**
                                     Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: July 31, 2014                **IVIE, McNEILL & WYATT**


By:     __/s/ Rodney S. Diggs_____
        **RICKEY IVIE**
        **RODNEY S. DIGGS**
        Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# DECLARATIONS

### DECLARATION OF LAWANDA JOHNSON

1.     The decedent's name who is the subject of this action for wrongful death is RAYMOND JOHNSON.

2.     On Friday, October 11, 2013, at approximately 6:00 p.m., DECEDENT was in his car of the Burger King drive-thru located at 23125 Hemlock Ave, Moreno Valley, California 92557.

3.     No proceeding is now pending in California for administration of the DECEDENT's estate.

4.     I am the widow of the DECEDENT and I am the DECEDENT's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the DECEDENT's interest in the action or proceeding.

5.     QUEON BOYD ISLAM, LASIERRA CAIN, R.J., and R.L.J. are bringing this claim with me and are the only other persons having the right to commence the action or proceeding.

    I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Dated: March 6, 2014                     ___/s/ Lawanda Johnson___
                                         Lawanda Johnson, Declarant

## DECLARATION OF QUEON BOYD ISLAM

1.      The decedent's name who is the subject of this action for wrongful death is RAYMOND JOHNSON.

2.      On Friday, October 11, 2013, at approximately 6:00 p.m., DECEDENT was in his car of the Burger King drive-thru located at 23125 Hemlock Ave, Moreno Valley, California 92557.

3.      No proceeding is now pending in California for administration of the DECEDENT's estate.

4.      I am the biological son of the DECEDENT and I am the DECEDENT's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) LAWANDA JOHNSON, LASIERRA CAIN, R.J., and R.L.J. are bringing this claim with me and are the only other persons having the right to commence the action or proceeding.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Dated: March 6, 2014                    ___/s/ Queon Boyd Islam___
                                         Queon Boyd Islam, Declarant

## DECLARATION OF LASIERRA CAIN

1.      The decedent's name who is the subject of this action for wrongful death is RAYMOND JOHNSON.

2.      On Friday, October 11, 2013, at approximately 6:00 p.m., DECEDENT was in his car of the Burger King drive-thru located at 23125 Hemlock Ave, Moreno Valley, California 92557.

3.      No proceeding is now pending in California for administration of the DECEDENT's estate.

4.      I am the step-daughter of the DECEDENT and I am the DECEDENT's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the DECEDENT's interest in the action or proceeding.

5.      LASIERRA CAIN was raised by DECEDENT from the day of her birth until DECEDENT was unlawfully beaten to death by Defendants.  DECEDENT was the only father that LASIERRA CAIN knew. DECENDENT was LASIERRA CAIN's putative father.  LASIERRA CAIN and DECEDENT maintained a parent-child relationship from the time LASIERRA CAIN's birth until DECEDENT's death and DECEDENT would have adopted LASIERRA CAIN but for a legal barrier pursuant to Probate Code Section 6454.

6.      QUEON BOYD ISLAM, LAWANDA JOHNSON, R.J., and R.L.J. are bringing this claim with me and are the only other persons having the right to commence the action or proceeding.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Dated: March 6, 2014                              ___/s/ LaSierra Cain___
                                                                    LaSierra Cain, Declarant

**DECLARATION OF SAMUEL HOUSE, GUADIAN AD LITEM FOR R.J.**

1.      The decedent's name who is the subject of this action for wrongful death is RAYMOND JOHNSON.

2.      On Friday, October 11, 2013, at approximately 6:00 p.m., DECEDENT was in his car of the Burger King drive-thru located at 23125 Hemlock Ave, Moreno Valley, California 92557.

3.      No proceeding is now pending in California for administration of the DECEDENT's estate.

4.      I am the grandfather of the minor who is the biological son of the DECEDENT.

5.      QUEON BOYD ISLAM, LASIERRA CAIN, and R.L.J. are bringing this claim and are the only persons having the right to commence the action or proceeding.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Dated: July 31, 2014                              ___/s/ Samuel House___
                                                  Samuel House, Declarant

**DECLARATION OF SAMUEL HOUSE, GUADIAN AD LITEM FOR R.L.J.**

6.    The decedent's name who is the subject of this action for wrongful death is RAYMOND JOHNSON.

7.    On Friday, October 11, 2013, at approximately 6:00 p.m., DECEDENT was in his car of the Burger King drive-thru located at 23125 Hemlock Ave, Moreno Valley, California 92557.

8.    No proceeding is now pending in California for administration of the DECEDENT's estate.

9.    I am the grandfather of the minor who is the biological son of the DECEDENT.

10.    QUEON BOYD ISLAM, LASIERRA CAIN, R.J. are bringing this claim and are the only persons having the right to commence the action or proceeding.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Dated: July 31, 2014                                  ___/s/ Samuel House___
                                                     Samuel House, Declarant